■ GERTRUDE ROULETTE, Respondent, v MAPLE PLACE GARAGE, INC., Appellant.—In a negligence action to recover damages for personal injuries, the defendant Maple Place Garage, Inc. appeals from an order of the Supreme Court, Nassau County (Brucia, J.), entered August 18, 1988, which granted the plaintiff's renewed motion for judgment as a matter of law, to the extent that a jury verdict in favor of the appellant was set aside and a new trial was granted.

Ordered that the order is affirmed, with costs.

Upon discovering that her car was not idling properly, the plaintiff brought it to the defendant Maple Place Garage, Inc., so that it could be inspected by the defendant John Mizzi, the proprietor of the garage. When Mizzi started the engine, the car lunged forward and struck the plaintiff, who was standing approximately 10 feet in front of the car.

Mizzi testified that when he started the car he was either sitting or standing with one foot outside the car and the other foot slightly pushing down on the gas pedal. Mizzi further testified that as soon as the car lunged forward, "I immediately went for the brake, so I wasn't completely in, so I couldn't react as fast as if my whole body was in the car". Mizzi denied having put the car into gear, and, to explain the incident, proposed a theory of mechanical failure. However, he failed to present any evidence to support his theory. The plaintiff testified that never before had the car gone forward without being in gear.

The jury returned a verdict finding no negligence on the part of the appellant. The trial court set aside the verdict, finding "no question that the [appellant] was negligent under the facts * * * of this case", and granted a new trial on the issue of the plaintiff's culpable conduct and/or assumption of risk.

"[A] jury verdict in favor of a defendant should not be set aside unless 'the jury could not have reached the verdict on any fair interpretation of the evidence' " *(Nicastro v Park,* 113

AD2d 129, 134). However, on any fair interpretation of the evidence, as related above, the jury could not have found the appellant free from negligence. Accordingly, the trial court properly set aside the verdict and granted a new trial. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.